Meyer, J.
(dissenting). I cannot accept the majority’s
characterization of plaintiff’s action as one for conversion in the face of the allegations of the complaint that plaintiff *490 is the owner of “all rights in and to two certain master phonograph recordings, and the performances therein embodied,” that defendant MCA has without authority been “commercially exploiting phonograph records embodying the musical performances recorded on the said two master recordings”, and that defendant Arista has received a share of the proceeds “derived from exploitation of the phonograph records embodying the performances of the said two master recordings” (emphasis supplied).
The action, then, is not simply for misappropriation or conversion of the record, but for its repeated and continuing use thereafter to manufacture and sell reproductions in violation of plaintiff’s rights. Short of determining that there can be adverse possession of an intangible and that MCA acquired title by adverse possession, an issue which, I agree with Justice Sandler, must await a trial, the complaint cannot be dismissed as barred by limitations.
Accordingly, and for the reasons stated in Justice Sandler’s dissent at the Appellate Division, I dissent and vote to reverse and reinstate the complaint.
Judges Jones, Wachtler and Simons concur with Judge Jasen; Judge Mkyer dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Fuchsberg concur.
Order affirmed, with costs.